# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NORA OWENS,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　Case No: 6:16-cv-2183-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Nora Owens (Claimant) appeals the Commissioner of Social Security's final decision denying her applications for disability benefits. Doc. 1. Claimant raises a number of arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 19 at 9-11, 17-18, 19-20, 22-23, 27. The Commissioner argues that the ALJ's final decision is supported by substantial evidence and should be affirmed. *Id*. at 27. The Court finds that the Commissioner's final decision is due to be **AFFIRMED** for the reasons discussed below.

### I.    PROCEDURAL HISTORY.

This case stems from Claimant's applications for disability insurance benefits and supplemental security income, in which she alleged a disability onset date of May 1, 2010. R. 177-84. Claimant's applications were denied on initial review, and on reconsideration. The matter then proceeded before an ALJ. The ALJ held a hearing on April 14, 2015, at which Claimant and her representative appeared. R. 39-64. The ALJ entered her decision on June 26, 2015, and the Appeals Council denied review on October 20, 2016. R. 1-3, 22-32. This appeal followed.

## II. THE ALJ'S DECISION.

The ALJ found that Claimant suffered from the following severe impairments: degenerative disc disease and irritable bowel syndrome. R. 24. The ALJ also found that Claimant suffered from a non-severe impairment of peptic ulcer disease. R. 24-25. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 25-26.

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b),[1] with the following specific limitations:

> [Claimant has] the ability to lift and carry 20 pounds frequently and 10 pounds occasionally and to sit for 6 hours and stand or walk for 6 hours in an 8-hour workday. She has unlimited ability to push/pull within the weight limits described. She is able to frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. She has unlimited ability to balance, kneel and crouch and she is able to occasionally stoop and crawl. She has no limitations of the upper extremities. She is able to see, hear, and speak. The claimant needs to avoid exposure to extreme cold and hazards.

R. 26. The ALJ, in light of this RFC, found that Claimant was able to perform her past relevant work as a telephone solicitor. R. 31.[2] Thus, the ALJ concluded that Claimant was not disabled between her alleged disability onset date, May 1, 2010, through the date of the decision, June 26, 2015. R. 31-32.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] The ALJ elected not to proceed to step five of the sequential evaluation process. *See* R. 31-32.

### III. STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. ANALYSIS.

Claimant essentially raises three assignments of error: 1) the ALJ erred by finding Claimant's testimony concerning her pain and limitations not entirely credible; 2) the ALJ failed to consider and weigh a written statement from Claimant's supervisor; and 3) the ALJ erred by finding Claimant's past work as a telephone solicitor constituted past relevant work. Doc. 19 at 9-11, 17-18, 19-20, 22-23, 27. The Court will address each assignment of error in turn.

**A. Credibility.**

Claimant argues that the ALJ erred in relying on Claimant's daily activities and sparse treatment in finding that her testimony concerning the intensity, persistence and limiting effects of

her impairments was not entirely credible. Doc. 19 at 10-11, 17-18. The Commissioner argues that the ALJ articulated specific reasons in support of her credibility determination, and that those reasons and the ALJ's ultimate determination that Claimant's testimony concerning the intensity, persistence and limiting effects of her impairments was not entirely credible is supported by substantial evidence. *Id*. at 12-19.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements

concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 27. The ALJ provided further explanation in support of her credibility determination, explaining:

> In assessing the claimant's overall credibility, the totality of the evidence does not support the degree of limitation the claimant alleges or preclude all work activity. The claimant has described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. She lives alone and is independent in her personal care needs, as well as her ability to maintain her residence. Specifically, she is able to clean, wash dishes, mop, empty garbage, and prepare her meals. In addition, she is able to take and wash her laundry at a laundromat and shop for groceries. She is able to take[ ] walks and use public transportation to get to and from work 3 to 4 days a week. Overall, the ability to perform this wide range of normal and ordinary activities of daily living is inconsistent with a complete inability to work.
>
> Furthermore, the claimant has not sought medical care with a specialist or a primary care physician and she does not take any prescribed or over-the-counter medications. While she reports an inability to afford medical treatment and medication, she has not provided evidence that she was denied treatment or medication either from treating sources or from indigent care facilities. Additionally, she testified inconsistently regarding the inability to take any medication due to stomach problems, as she admits that she took opiate medication from a neighbor resulting in positive drug testing. She further admits to using marijuana, rather than use prescribed medication, due to cost rather than an inability to take medication. Moreover, she continues to smoke cigarettes, choosing to use any available funds for cigarettes rather than for medical care and prescription medication.
>
> While the claimant takes naps on days she does not work, no examining physician has advised her of the need to take naps during the day.
>
> A review of the claimant's earnings record for the past 15 years shows a fairly consistent work history, although her earnings are mostly below the level of substantial gainful activity (Exhibit 5D). In addition, she has worked every year after the alleged onset date in 2010 and she continues to work. Although her work is part-time and does not constitute substantial gainful activity, her continued ability to maintain work activity particularly since her alleged onset date show that her symptoms are not as limiting as alleged.

R. 30. Thus, the ALJ found Claimant's testimony concerning the intensity, persistence and limiting effects of her symptoms not entirely credible because: 1) the nature and scope of

Claimant's daily activities are inconsistent with limitations she described during the hearing; 2) Claimant has not sought regular care with a primary or specialty physician, and has not regularly taken any over-the-counter or prescription medications; 3) no physician has opined that Claimant must take naps during the day; and 4) Claimant has performed part-time work throughout the relevant period. *Id.*

Claimant argues that the nature and scope of her daily activities do not undermine her credibility, because she can only perform daily activities in small increments, and requires assistance to perform some of those activities, such as grocery shopping and laundry. Doc. 19 at 17-18 (citing R. 52-54). An ALJ may consider a claimant's activities of daily living when assessing the credibility of claimant's testimony. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The ALJ considered Claimant's testimony concerning her ability to perform daily activities in small increments, and the need for assistance with some of her daily activities, and, nevertheless, found that Claimant's daily activities are inconsistent with the her testimony concerning the intensity, persistence and limiting effects of her impairments. R. 27, 30. The ALJ reasonably concluded that Claimant's daily activities, including her ability to live independently, go to the grocery store and laundromat, and use public transportation, are inconsistent with her testimony concerning the severity and effects of her impairments. Further, while Claimant points to evidence suggesting that her ability to perform daily activities is limited, the record contains substantial evidence to support the ALJ's determination that Claimant's activities are inconsistent with her testimony concerning the severity and effects of her impairments. R. 52-54. Thus, the Court finds that the ALJ's reliance on Claimant's daily activities supports her credibility determination.

Next, Claimant argues that her sparse treatment does not undermine her credibility, because she was unable to afford regular treatment. Doc. 19 at 10-11. An ALJ may consider the nature,

scope, and success of a claimant's treatment when assessing the credibility of claimant's testimony. 20 C.F.R. §§ 404.1529(c)(iv)-(v), 416.929(c)(3)(iv)-(v). If "the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Ellison v. Barnhart*, 355 F,3d 1272, 1275 (11th Cir. 2003). The ALJ noted that Claimant alleged that she is unable to afford routine medical care and medications, but found that claim to be inconsistent with the evidence of record, including a lack of evidence that Claimant was denied treatment by a physician or indigent care provider due to an inability to pay and Claimant's choice to purchase cigarettes instead of medical care. R. 30. Claimant argues that the ALJ's finding is erroneous given her inability to obtain insurance, which precluded her from obtaining regular treatment. Doc. 19 at 11. The Court is not persuaded. The ALJ found that while Claimant alleged she was unable to afford treatment, she did not make any effort to actually determine whether or not a physician or indigent care provider would deny her treatment based on her alleged inability to pay. R. 30. The lack of such evidence can reasonably be viewed as inconsistent with Claimant's allegations concerning her inability to pay for routine medical care, because it tends to demonstrate that Claimant did not seek regular treatment because her impairments were not as disabling as she alleged, as opposed to her inability to afford such treatment. Thus, the Court finds the ALJ's determination is supported by substantial evidence, and her reliance on Claimant's sparse treatment supports her credibility determination.

Even if the ALJ erred in considering Claimant's ability to afford treatment, the Court finds that the error would be harmless. "Where the ALJ did not rely significantly on the claimant's noncompliance . . . the ALJ's failure to consider evidence regarding the claimant's ability to afford her prescribed treatment does not constitute reversible error." *Bellew v. Acting Comm'r of Soc.*

*Sec.*, 605 F. App'x 917. 921 (11th Cir. 2015).³ The ALJ provided several reasons in support of her credibility determination, and there is nothing in her decision indicating that she primarily relied on Claimant's sparse treatment in reaching her credibility determination. R. 30. Thus, even if the ALJ erred in considering Claimant's ability to afford treatment, the error would be harmless.

Finally, the ALJ provided several other reasons in support of her credibility determination that Claimant has not challenged, including Claimant's performance of part-time work throughout the relevant period. R. 30. These unchallenged reasons are supported by substantial evidence, and support the ALJ's credibility determination.

In light of the foregoing, the Court finds that the reasons the ALJ articulated in support of her credibility determination are supported by substantial evidence, and support her determination that Claimant's testimony concerning the intensity, persistence and limiting effects of her impairments was not entirely credible. *See Foote*, 67 F.3d at 1561-62 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

**B. Lay Witness.**

Claimant argues that the ALJ should have, but did not, consider and weigh the written statement (Statement) from Claimant's supervisor concerning Claimant's frequent absences from work due to her impairments. Doc. 19 at 19-20. The Commissioner argues that the ALJ was not required to weigh the Statement, and, to the extent the ALJ should have weighed the Statement, the failure to do so was harmless error because the Statement was cumulative of Claimant's testimony. *Id*. at 20-21.

---

³ In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36–2.

The ALJ must consider all evidence in determining whether a claimant is disabled, 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3), which includes evidence from lay witnesses, including family members and other acquaintances, 20 C.F.R. §§ 404.1513(a)(4), 416.913(a)(4). The ALJ must "state specifically the weight accorded each item of evidence and the reasons for his decision." *Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006) (quoting *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). Thus, the failure to address evidence from a lay witness is reversible error. *See De Olazabal v. Soc. Sec. Admin., Comm'r.*, 579 F. App'x 827, 832 (11th Cir. 2014). The error to address such evidence, however, is harmless if the evidence from the lay witness is cumulative of other evidence in the record such that its rejection was implicit in the ALJ's decision. *See id*. (the ALJ's failure to discuss claimant's husband's third-party function report was harmless error because the husband's report was cumulative of claimant's testimony).

Claimant worked part-time throughout the relevant period. R. 46, 201-06. At the hearing, Claimant testified that she frequently misses work due to her impairments. R. 59. After the hearing, Claimant submitted her supervisor's Statement, in which her supervisor states that Claimant frequently misses work due to her impairments, and, at times, misses work "for at least a week at a time." R. 268.

The ALJ did not discuss the Statement. *See* R. 22-32. This error is harmless. Claimant testified that she frequently misses work due to her impairments. R. 59. This testimony was verified by the Statement, in which Claimant's supervisor stated that Claimant frequently misses work due to her impairments. *Compare* R. 59 *with* R. 268. The Court recognizes that Claimant's supervisor provides more detail concerning the amount of time Claimant is absent from work due to her impairments. This additional information, however, does not cause the Statement to be materially different from Claimant's testimony, because Claimant's testimony and the Statement

essentially provide the same information, i.e., Claimant frequently misses work due to her impairments. Thus, the Court finds that Claimant's supervisor's statement is cumulative to Claimant's testimony, which the ALJ considered and weighed. Therefore, the Court finds that the ALJ's failure to discuss or weigh the Statement is harmless error. *De Olazabal*, 579 F. App'x at 832.

### C. Past Relevant Work.

Claimant argues that the record demonstrates that she did not earn enough as a telephone solicitor for that work to be considered a substantial gainful activity. Doc. 19 at 22-23. Thus, Claimant argues that the ALJ erred by finding that her work as a telephone solicitor constituted past relevant work. *Id*. at 23.

The Commissioner argues that Claimant earned enough as a telephone solicitor for that work to be considered a substantial gainful activity. *Id*. at 25. Further, the Commissioner argues that even if Claimant did not earn enough working as a telephone solicitor, the record still supports the ALJ's determination that Claimant's work as a telephone solicitor constituted past relevant work. *Id*. at 25.

A claimant is not disabled if he or she can return to his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). To qualify as past relevant work, the work must have been done: 1) within the last fifteen (15) years; 2) long enough for the claimant to learn to do it; and 3) at a level constituting substantial gainful activity. *Id*. at §§ 404.1565(a), 416.965(a). Under the regulations, "substantial gainful activity" is "work activity that is both substantial and gainful." *See id*. at §§ 404.1572, 416.972. Substantial work activity is "work activity that involves doing significant physical or mental activities," and gainful work activity is work activity done "for pay or profit." *Id*. The regulations use earnings guidelines to assist in the determination of whether a

claimant's past work was substantial gainful activity. *See Id.* at §§ 404.1574(b), 416.974(b). A claimant's work is presumed to be substantial gainful activity if his or her earnings exceed the average monthly income, as determined by the regulation's earnings guidelines, during the year in question. *Id.* at §§ 404.1574(b)(2), 416.974(b)(2). However, the amount that a claimant earned doing the prior work is not dispositive if other evidence indicates that the claimant was engaged in substantial gainful activity. *Eyre v. Comm'r of Soc. Sec.*, 586 F. App'x 521, 524 (11th Cir. 2014). ("the ALJ can consider other information, including whether the work performed was 'comparable to that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work.'").

The ALJ found that Claimant's work as telephone solicitor in 2009 constituted past relevant work. R. 31. The amount deemed to constitute substantial gainful activity in 2009 was $980.00 per month. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); Social Security Administration Programs Operations Manual System (POMS), DI § 10501.015(B).[4] Claimant earned a total of $11,285.99 working as a telephone solicitor in 2009. R. 201. Claimant notes that the record does not contain any evidence indicating how long she worked as a telephone solicitor in 2009. Doc. 19 at 22-23. Thus, Claimant presumes that she worked as a telephone solicitor all twelve months in 2009, resulting in an average salary of $940.49 per month. *Id.* This presumption, however, ignores the fact that Claimant spent 33 consecutive days in the hospital in 2009. R. 46-47, 51. Thus, Claimant could only have worked as a telephone solicitor for no more than 11 months in

---

[4] The Social Security Administration has promulgated the POMS as "publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).

-11-

2009, resulting in an average salary of $1,025.99 per month in 2009. *See* SSR 83-35, 1983 WL 31257, at *1-3 (1983) (explaining that a claimant's income is generally averaged over the actual period of work involved). These earnings exceed the substantial gainful activity level for 2009. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); POMS, DI § 10501.015(B).

Further, even if the Court were to find that Claimant's monthly earnings fell below the presumptive level for 2009, the record nevertheless supports the ALJ's determination that Claimant's work as a telephone solicitor was past relevant work. The time, energy, and skill Claimant needed to perform her job as a telephone solicitor demonstrates that she was engaged in a substantial gainful activity when performing that job. R. 44-45, 46-47; *see Eyre*, 586 F. App'x at 524. Claimant offered no evidence to rebut the ALJ's implicit determination that her work as a telephone solicitor was a substantial gainful activity. *See Eyre*, 586 F. App'x at 524. Therefore, in light of the foregoing, the Court finds that the ALJ's determination that Claimant's work as a telephone solicitor constituted past relevant work is supported by substantial evidence.

## V. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment for Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Teresa J. McGarry.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224